ARMAND J. DEROSSET *v*. JAS. A. BRADLEY.

Where two sureties on a note to a bank agreed, after the insolvency of their principal, to employ a broker to buy notes of the bank to an amount sufficient to pay the debt, and one of them paid the broker for notes purchased by him, and discharged the debt: *Held* that he could maintain an action on the case against his co-surety for contribution.

Where a note with two sureties, given before May 1865, was discharged by one of them after that time, *held* that the County Court had jurisdiction of a suit for contribution, under the Ordinance of June 1866, Ch. 9.

CASE, tried before *Barnes, J.*, at Spring Term 1868 of the Superior Court of NEW HANOVER.

The action had been brought by appeal, from the County Court, where it was commenced in May 1867. The plaintiff and defendant became sureties of one Brown on a promissory note payable to the Commercial Bank of Wilmington. Brown afterwards became insolvent, and in April 1867 the plaintiff and defendant agreed to employ one Dawson, a broker, to purchase bills of the bank to an amount sufficient to pay the debt. The bills were accordingly purchased, and the broker charged 25 cents in the dollar for them. The defendant refused to pay the price, and the plaintiff paid for all of them and discharged the note to the bank. He then demanded contribution from the defendant, and upon refusal brought this action.

The defendant insisted that the plaintiff was not entitled to recover, for three reasons:

1st. That the remedy was in Equity: 2d. That the action should have been for a breach of the contract, and not for contribution: 3d. That the County Court had no jurisdiction under the Ordinance of June 1866.

The Court charged that the plaintiff was entitled to recover. Verdict and judgment for the plaintiff, and appeal by the defendant.

STATE *v.* HOLMES.

No counsel for the appellant.

*W. A. Wright, contra.*

BATTLE, J. Neither of the objections urged against the right of the plaintiff to recover can avail the defendant. The parties were joint sureties of their principal, who was insolvent, and their agreement as to the manner in which the debt was to be paid, did not change their liability to each other upon the payment by one of them of the whole debt. Upon such payment, the Revised Code, ch. 110, s. 2, gave to the party paying, an action on the case against his co-surety for his rateable proportion of the sum paid, whether of principal, interest or cost. This disposes of the first and second objections. The remaining one is equally untenable.

The plaintiff had no claim upon the defendant until he had paid the debt of their principal in 1867. His cause of action did not arise, therefore, prior to the 1st day of May 1865, and hence the jurisdiction of the County Court was not taken away by the Ordinance of the Convention of 1866, ch. 19.

PER CURIAM.                    Judgment affirmed.